IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Michael Hayslip,                    :

      Plaintiff,                 :

    v.                                :        Case No. 3:01-cv-433

Commissioner of Social
    Security,                        :        JUDGE ROSE

      Defendant.                 :

REPORT AND RECOMMENDATION

On March 18, 2003, the Court reversed the decision of the
Commissioner of Social Security which had denied the plaintiff's
application for benefits, and remanded the case for an award of
benefits.  Subsequently, plaintiff's counsel filed a motion for
the award of attorneys' fees under 42 U.S.C. §406.  Counsel
requested an award of $35,151.25, which apparently represents 25%
of the past due benefits.  The Commissioner opposed the motion,
arguing that the amount of fees awarded must be limited to
$5,300.  No reply brief has been filed.  For the following
reasons, the Court concludes that, on the basis of the current
record, it cannot award fees in excess of $5,300.  Consequently,
it will recommend that the motion for fees be granted but only to
the extent that counsel be awarded $5,300.00 as fees.

Counsel submitted a one-page fee petition accompanied by a
multi-page "fee application affidavit."  This latter document is
not really an affidavit because it has not been signed by anyone,
and consequently lacks a signature under oath or under penalty of
perjury.  Taking it at face value, however, the "affidavit" sets
forth the following facts.  First, plaintiff's counsel has over
thirty years of experience in social security matters.  Second, a

total of 36.50 hours of time was charged to this case, of which
16.75 hours is attorney time and 19.75 hours is secretarial time.
Third, plaintiff signed a fee agreement on March 15, 1995, and
appointed counsel as his representative on his Title II claim on
October 27, 2000.  Nothing else is included in the petition, such
as the usual hourly rate charged by counsel, the actual award of
benefits to plaintiff showing the amount withheld for fees, or
any information that would allow the Court to determine the
amount of benefits which had accrued to a date three months after
the case became ripe for decision.  See Dearing v. Secretary of
HHS, 815 F.2d 1082 (6th Cir. 1987).

The Commissioner's opposition to a fee award in excess of
$5,300.00 is based upon the fee agreement attached to the
petition.  That agreement appears to relate solely to services
rendered by counsel in connection with proceedings before the
Commissioner (and not to any subsequent court proceedings).  It
states that counsel had agreed to charge a fee which would be the
smaller of 25% of benefits awarded or $4,000, but that the $4,000
maximum fee could be increased from time to time by action of the
Social Security Administration.  In 2002, the Administration
increased the fee which could be collected under 42 U.S.C.
§406(a)(2)(A) to $5,300.  Thus, according to the Commissioner,
counsel cannot be awarded more than that amount.  Counsel has not
responded to this argument.

The fee petition filed in this case has multiple
deficiencies.  As noted, it is not accompanied by a proper
affidavit, and there is no information presented on a number of
matters of importance to the Court, including whether plaintiff
and counsel entered into a separate fee agreement in connection
with litigation in District Court or what the terms of any such
agreement might have been.  The Court also notes that if counsel
were awarded $35,151.25 in fees for 16.75 hours of work, the

hourly rate of that award would be over $2,000.00 per hour.  An amount equal to twice the usual hourly rate of counsel is presumed reasonable, see Damron v. Commissioner of Social Security, 104 F.3d 853, 856 (6th Cir. 1997), but a fee of more than $2,000.00 per hour may well be excessive and unreasonable. Nevertheless, the Court need not decide that question.

Here, the only fee agreement proffered by counsel is the one attached to the petition.  It clearly caps the fee at $5,300.00. Although the Court may award fees in excess of the caps permissible at the administrative level because such fees are awarded under 42 U.S.C. §406(b) rather than §406(a), it cannot do so in the absence of any evidence that counsel and the plaintiff entered into a separate fee agreement covering litigation before the District Court.  There is no such evidence in this record. Consequently, basing its decision solely on the record, the Court must award no more than $5,300.00.

Based on the foregoing, it is recommended that the motion for attorneys' fees submitted by plaintiff's counsel (#25) be granted in part and that counsel be awarded the sum of $5,300.00 to be paid out of the past due benefits.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with

instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


                              /s/ Terence P. Kemp
                             United States Magistrate Judge